NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

| | | |
|---|---|---|
| SIDNEY DEON REYNOLDS, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | Case No. 2D16-5271 |
| | ) | |
| STATE OF FLORIDA, | ) | |
| | ) | |
| Appellee. | ) | |
| _____ | ) | |

Opinion filed August 2, 2017.

Appeal pursuant to Fla. R. App. P. 9.141(b)(2) from the Circuit Court for Hillsborough County; Michelle Sisco, Judge.

Sidney Deon Reynolds, pro se.

CASANUEVA, Judge.

Sidney Deon Reynolds appeals the postconviction court's order summarily denying his motion for postconviction relief in three separate cases. In his motion, he asserted three claims of error. Claims one and two sought postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. Finding no error, we affirm the postconviction court's order summarily denying claims one and two.

The third and remaining claim asserted an illegal sentence claim pursuant

to Florida Rule of Criminal Procedure 3.800(a).  Specifically, Mr. Reynolds alleged that the enhancement of his mandatory minimum sentence resulted in an illegal sentence.

Rule 3.800(a)(1) provides that "[a] court may at any time correct an illegal sentence imposed by it."  To the extent that the postconviction court's order can be read to bar this claim as untimely, that basis is incorrect.  Alternatively, to the extent that the order can be read as failing to rule upon this claim, a remand for disposition is appropriate.

In remanding this matter for further proceedings, we are not suggesting the remaining claim is meritorious.  Rather, that decision remains to be made by the postconviction court.

Affirmed in part; reversed in part; remanded for further proceedings.

WALLACE and BADALAMENTI, JJ., Concur.